**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS GIOVANNELLI,<br><br>                   Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC; AMAZON.COM SERVICES LLC,<br><br>                   Defendant. | No.: 1:22-cv-02161<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge Sunil R. Harjani |

**PLAINTIFF'S MOTION TO
<u>REASSIGNMENT UNDER LOCAL RULE 40.4</u>**

Now comes the plaintiff, Nicholas Giovannelli, by and through his attorneys, Craig D. Tobin of Tobin & Munoz, LLC, and Thomas C. Crooks, and moves this court, pursuant to Local Rule 40.4, to reassign *Giovannelli v. Posterazzi Corp.*, 1:22 cv 02163 to Judge Seeger who has the related case *Giovannelli v. Amazom.com, Inc., et al.,* No. 1:22 cv 02161. In support of this motion Plaintiff states as follows:

1. This cause is based upon violations of the Illinois Right to Publicity Act, 765 ILCD 1075/1, in that defendants violated the IRPA by selling photographs of the Plaintiff, in combat in Afghanistan, without Plaintiff's consent.

2. This cause was originally filed in the Circuit Court of Cook County, case no. 2021 L 144, against defendants Walmart, Inc., Wal-Mart.com USA. LLC, The Stocktrek Corporation d/b/a Stocktrek Images, Inc., Pixels.com, LLC, Amazon.com, Inc., Amazon.Com Services, LLC and Posterazzi Corp. Each of the Defendants had been selling Plaintiff's image without Plaintiff's consent.

3. Following the filing of the original complaint defendants, on February 24, 2021, filed their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 in order to remove

the case to Federal Court based on diversity of citizenship. The case was assigned to the Honorable Judge Chang. All of the defendants were and are represented by the same attorney, James Borcia.

4. On April 26, 2022 Judge Chang, *sua sponte,* held that the cases against the different defendants were not properly joined, no allegation of joint action by the defendants having been made in the original complaint. Judge Chang ordered that the cases be divided and randomly reassigned based on the individual defendants.

5. Judge Chang retained the claim against WalMart, Inc. and Wal-Mart.com USA, LLC, No. 1:21 CV 1092. The remaining four claims were reassigned as follows: *Giovannelli v. Stocktrek Images, Inc., et al.,* No. 1:22 CV 02159, Judge Kness; *Giovannelli v. Pixels.com, LLC,* 1:22 cv 02160, Judge Valderrama; *Giovannelli v. Amazom.com, Inc., et al.,* No. 1:22 cv 02161, Judge Seeger; *Giovannelli v. Posterazzi Corp*., 1:22 cv 02163, Judge Chang.

6. During discovery Plaintiff learned the following relevant facts showing that each of the defendants were acting in concert with another of the defendants:

-- Pixels.Com LLC maintained a sales platform where individuals and entities could post items for sale. Under the terms of the platform the funds generated by sales on the platform were shared between Pixels.Com LLC and the individual/entity posting the item for sale. Stocktrek Images, Inc. uploaded images for sale on the Pixel's platform, including images of Giovannelli.

-- Stocktrek Images, Inc. claims to have licensed images to Pixels.com LLC, including images of Giovannelli in combat, although Stocktrek Images, Inc. did not possess a license, or any other legal permission, to sell Giovannelli's image or grant permission to other entities to do so.

2

-- Both Amazon entities had a written agreement with Posterazzi Corp. to share revenues from the sale of images of American soldiers in combat, including Giovannelli, when sales are made of said images following Posterazzi Corp. placing the images for sale on platforms operated by Amazon.Com Services, LLC and Amazon.Com, Inc.

7. As a result of the coordination by each of the above defendants with another defendant, Plaintiff sought leave to file an amended complaint against each of the original defendants. The amended complaints are largely identical to the original complaint, except that they include the allegations set out in paragraph 6, above, and each amended complaint left out the claim for Negligent Infliction of Emotional Distress which had previously been dismissed by Judge Chang. (see attached Ex. 1, 2, 3, 4 and 5).

8. As to Plaintiff's motions seeking the right to file each amended complaint, it has been granted with regard to the Amazon defendants, the Stocktrek defendants and Pixels. The motions for leave to file regarding the WalMart defendants and Posterazzi were put on a briefing schedule, with defendants' responses due January 10, 2023. However, Defendants WalMart and Posterazzi have not filed a response objecting to the filing of Plaintiff's First Amended Complaints and, thus, appears to have abandoned any objection they may have had.

9. Plaintiff is seeking the following reassignment of cases: reassign *Giovannelli v. Posterazzi Corp.*, 1:22 cv 02163 to Judge Seeger who already has *Giovannelli v. Amazom.com, Inc., et al.,* No. 1:22 cv 02161; reassign *Giovannelli v. Pixels.com, LLC,* 1:22 cv 02160 to Judge Kness who already has *Giovannelli v. Stocktrek Images, Inc., et al.,* No. 1:22 CV 02159.

10. Efficiency for the Court, the witnesses, as well as the lawyers, would be enhanced by consolidating those cases where the parties engaged in joint conduct. Consolidation of these cases would also lessen the possibility of inconsistent verdicts and duplicative efforts. Clearly,

as all defendants are accused of the same conduct, questions of fact and law amongst the cases will be frequent.

11. LR 40.4 addresses the issue of treating related cases, including the reassignment of related cases. Each of the pairings of cases, as described in paragraph 6 above, meet the definition of being related. Cases are related if "one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence…" Here the cases involve exactly the same conduct. Posterazzi and Amazon, acted together to violate the Illinois Right to Publicity Act, 765 ILCD 1075/1. (See Ex. 3, ¶ 16 and Ex. 4, ¶ 6). The facts here meet each of these conditions, though they only need to meet one for cases to be considered related. Additionally, for cases to be found to be "related," requires only that they have "some of the same issues of fact or law. The…rule does not require a predominance of common issues." See *Sphere Drake Ins. Ltd. v All Am. Life Ins. Co.,* No.99 C 4573, 2001 WL 1035723, at *4 n. 6.

12. Under LR 40.4, once it is established that cases are related, "A case may be reassigned to the calendar of another judge if…each of the following criteria is met (1) both cases are pending in this court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially, and (4) the cases are susceptible of disposition in a single proceeding."

13. Requirement (1) is clearly met as all of these cases are pending in the Northern District of Illinois.

14. Requirement (2), the saving of judicial time and effort, is also met. After the original case was removed to Federal Court defendants filed a Motion to Dismiss. Although the motion was denied, Judge Chang noted that the same issue could be raised on Summary Judgment if the facts developed during discovery supported the argument. (Ex. 6). Joining appropriate cases will reduce the number of SJ motions to be ruled on and will lessen the possibility of inconsistent decisions. Joining appropriate cases will reduce the number of trials which must take place. Disputes during discovery will be reduced, as each Judge will have two defendants. In *Helferich Patent Licensing, LLC v. New York Times Co.,* No. 1:10-cv- 04387, at *5 (N.D. Ill. Apr. 19, 2012)(attached as Ex. 7).

15. Requirement (3) addresses the question of whether reassigning the later filed case would delay the earlier case. Here, all the cases were filed at the same time and then removed to Federal Court at the same time. They are all essentially on the same track. Although some cases have fact discovery closing in February and others have it closing in June (in both cases, with expert discovery to follow.), these dates can be adjusted by the receiving court. In fact, under either schedule, the cases will be ready for trial later this year.

16. Requirement (4), whether the cases are susceptible to being disposed of in a single proceeding, is also met. "This condition is satisfied when the issues of law and fact are the same in both cases…This rule does not require that the cases be exactly identical." *Pactiv Corp. v. Multisorb Technologies, Inc.,* No. C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011). *Posterazzi* and *Amazon* can clearly be resolved in the same trial and, in light of their joint activity, *should* be resolved in a joint trial. Based on their discovery responses, as reflected in the Amended Complaints, they have engaged in joint action to violate the Act. Preparing and trying these cases together will not only save judicial resources, but avoid inconsistent rulings

and verdicts, a fact supporting reassignment. *Helferich Patent Licensing, LLC v. New York Times Co.,* No. 1:10-cv- 04387, at *5 (N.D. Ill. Apr. 19, 2012)(attached as Ex. 8).

17. Reassigning the two cases would result in other efficiencies which will save time for the Courts and time and money for the parties:

--Expert discovery will be less duplicative for the cases litigated together;

--convenience for witnesses, both at the discovery and trial stage, will be improved;

--Because there will be fewer trials, the costs and attorney fees associated with the trial will be lessened along with judicial time spent on trials;

18. All relevant factors bode toward reassigning *Giovannelli v. Posterazzi Corp.*, 1:22 cv 02163 to Judge Seeger.

WHEREFORE, Plaintiff prays that his Motion to Reassign be granted and that the case *Giovannelli v. Posterazzi Corp.*, 1:22 cv 02163 be reassigned to this court as related to case this court.

s/ Craig D. Tobin<br>
Craig D. Tobin<br>
One of Plaintiff's attorneys

Craig D. Tobin
Tobin & Munoz, L.L.C.
70 W Madison Street, Suite 1950
Chicago, IL 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email: ctobin@barristers.com

Thomas C. Crooks
70 West Madison Street
Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile: (312) 641-5220
Email: tcrooks@barristers.com

**<u>Certificate of Service</u>**

       Under penalties provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the foregoing Motion was served upon counsel of record on January 17, 2023 via electronic mail.

                                                                        /s Thomas C. Crooks