# EXHIBIT 3

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NICHOLAS GIOVANNELLI, <br><br> Plaintiff, <br><br> v. <br><br><br> POSTERAZZI CORP., <br><br> Defendants. | No.: 1:22-cv-02163 <br><br> Judge Edmund E. Chang <br><br> Magistrate Cummings <br><br> JURY DEMANDED |

FIRST AMENDED COMPLAINT AT LAW

Now comes the plaintiff, Nicholas Giovannelli, by and through his attorneys, Craig D. Tobin of Tobin & Munoz LLC, and Thomas C. Crooks, and as and for his complaint against defendant Posterazzi Corp. states as follows:

1. This action is brought under the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.* (1999).

PARTIES

2. At all relevant times hereto, the plaintiff, Nicholas Giovannelli, was and is a citizen of Cook County, Illinois. Giovannelli is a decorated combat veteran, having served in the Airborne Infantry of the U.S Army, beginning in 2007, including multiple tours of duty in Afghanistan. He was honorably discharged for medical reasons in 2015.

3. Posterazzi Corp., at all relevant times hereto, is a New York corporation, present and doing business in Cook County, Illinois. Posterazzi Corp. is in the business of selling photographic images, primarily through the internet.

2

4. WalMart, Inc., at all relevant times hereto, is a Delaware corporation present and doing business in Cook County, Illinois. WalMart, Inc. is in the business of selling general merchandise through their stores, including photographic images.

## FACTS

5. Wal-Mart.com USA, LLC, at all relevant times hereto, is a California limited liability company present and doing business in Cook County, Illinois. Wal-Mart.com USA, LLC is in the business of selling general merchandise through the internet, including photographic images.

6. During his service in the Airborne Infantry, Giovannelli participated in over 100 combat patrols. As a result of his service, Giovannelli was awarded the Purple Heart, Combat Infantry Badge, and Army Commendation with V Device, for acts of heroism while involved in conflict with an armed enemy.

7. As a result of his service, Giovannelli developed certain medical issues: herniated disks in his lower back and neck, post-concussion headaches as a result of traumatic brain injury, and PTSD. As a result of these conditions, Giovannelli was given a medical retirement in 2015. Giovannelli continues to be treated for these conditions.

8. While Giovannelli was serving in the military, he was photographed by Army photographers while in combat.

9. On or about July 11, 2020 Giovannelli discovered that photographs taken of him while in the military were being publicly sold, for commercial purposes, through for-profit entities.

10. Giovannelli has never given consent to Posterazzi Corp., or any other entity, to use his image for any purpose, including financial gain.

11. In fact, defendants have been and continue to sell photographs of U.S. soldiers in combat without consent of the soldiers or the U.S. government.

12. Beginning no later than July of 2020 Posterazzi Corp., without Giovannelli's consent, sold posters which bore an image of Giovannelli in combat. During this time period, Posterazzi Corp. sold posters which not only bore Giovannelli's image but also identified him by name and rank.

13. Posterazzi Corp. profited financially or attempted to profit financially from the sale of Giovannelli's image.

14. Posterazzi Corp. claims to have received a license for images of Giovannelli and other American soldiers from Stocktrek Images, Inc. in order to sell them to other entities and the public. In fact, Stocktrek Images, Inc. had no license itself and could not provide a license to Posterazzi Corp. or any other entity.

15. Posterazzi Corp. also sold images of Giovannelli to Wal-Mart.com USA, LLC and Walmart, Inc. in order to facilitate these entities selling Giovannelli's image to the public. WalMart, Inc purchased the images of Giovannelli in combat from Posterazzi Corp. in order to sell the images to the public.

16. Posterazzi Corp. also sold images of Giovannelli to Amazon.Com, Inc. and Amazon.Com Services LLC. in order to facilitate these entities selling Giovannelli's image to the public.

17. At all relevant times, Posterazzi Corp. knew that it lacked consent from Giovannelli to commercially exploit his image. Posterazzi Corp.'s actions were willful and malicious, and punitive damages are appropriate.

18. As a result of Posterazzi Corp.'s actions, Giovannelli has suffered extreme emotional distress. As a result of Posterazzi Corp.'s actions, Giovannelli's PTSD has been exacerbated.

WHEREFORE, plaintiff prays for the following relief from Posterazzi Corp.:

A. Damages in an amount in excess of One Million Dollars for emotional distress and exacerbation of plaintiff's PTSD;

B. That all profits procured through the sale of plaintiff's image be disgorged and awarded to the plaintiff;

C. An award of punitive damages as permitted by 765 ILCS 1075/40;

D. An award of plaintiff's reasonable attorney's fees, costs, and expenses as permitted by 765 ILCS 1075/55.

E. For such other relief as this court deems just.

Plaintiff demands trial by jury on all counts.

                                                  s/ Craig D. Tobin
                                                  Craig D. Tobin
                                                  One of Plaintiff's attorneys

Craig D. Tobin
Attorneys for Plaintiff
Tobin & Munoz, L.L.C.
70 W Madison Street, Suite 1950
Chicago, IL 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email: ctobin@barristers.com
Attorney No.: 47276

5

Thomas C. Crooks
Attorneys for Plaintiff
Tobin & Munoz, L.L.C.
70 West Madison Street, Suite 1950
Chicago, IL 60602-4298
Office: (312) 641-2260
Fax: (312) 641-5220
Email: tcrooks@barristers.com