# EXHIBIT 4

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NICHOLAS GIOVANNELLI,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKTREK IMAGES, INC. and THE STOCKTREK CORPORATION,<br><br>        Defendant. | No.: 1:22-cv-02159<br><br>Judge John F. Kness<br><br>Magistrate Judge Young B. Kim<br><br>JURY DEMANDED |

FIRST AMENDED COMPLAINT AT LAW

Now comes the plaintiff, Nicholas Giovannelli, by and through his attorneys, Craig D. Tobin of Tobin & Munoz LLC, and Thomas C. Crooks, as and for his complaint against defendant Stocktrek Images, Inc. and The Stocktrek, Corporation, states as follows:

1. This action is brought under the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq*. (1999).

PARTIES

2. At all relevant times hereto, the plaintiff, Nicholas Giovannelli, was and is a citizen of Cook County, Illinois. Giovannelli is a decorated combat veteran, having served in the Airborne Infantry of the U.S Army, beginning in 2007, including multiple tours of duty in Afghanistan. He was honorably discharged for medical reasons in 2015.

3. Stocktrek Images, Inc., at all relevant times hereto, is a Nevada corporation present and doing business in Cook County, Illinois. Stocktrek Images, Inc is in the business of selling photographic images, primarily through the internet.

4. The Stocktrek, Corporation, at all relevant times hereto, is a Delaware corporation present and doing business in Cook County, Illinois. The Stocktrek Corporation is in the business of selling photographic images, primarily through the internet.

## FACTS COMMON TO ALL COUNTS

5. Pixels.com, LLC, at all relevant times hereto, is an Illinois limited liability company, present and doing business in Cook County, Illinois. Pixels.com, LLC is in the business of selling photographic images, primarily through the internet.

6. Ryan Rossotto is the President of Stocktrek Images, Inc. and Frank Rossotto is the CEO of The Stocktrek Corporation. Upon information and belief, Ryan and Frank Rossotto are father and son.

7. At all relevant times hereto Frank and Ryan Rossotto were both officers of Stocktrek Images, Inc.

8. During his service in the Airborne Infantry, Giovannelli participated in over 100 combat patrols. As a result of his service, Giovannelli was awarded the Purple Heart, Combat Infantry Badge, and Army Commendation with V Device, for acts of heroism while involved in conflict with an armed enemy.

9. As a result of his service, Giovannelli developed certain medical issues: herniated disks in his lower back and neck, post-concussion headaches as a result of traumatic brain injury, and PTSD. As a result of these conditions, Giovannelli was given a medical retirement in 2015. Giovannelli continues to be treated for these conditions.

10. While Giovannelli was serving in the military, he was photographed by Army photographers while in combat. Giovannelli consented to the Army photographing him.

11. In or about July of 2020, Giovannelli discovered that photographs taken of him while in the military were being publicly sold, for commercial purposes, through for-profit entities.

12. Giovannelli has never given consent to any of the defendants to use his image for any purpose, including financial gain. The U.S. Army has never consented to defendants' use or sale of photographs of soldiers in combat, including photographs of Giovannelli.

13. In fact, defendants have been and continue to sell photographs of U.S. soldiers in combat without consent of the soldiers or the U.S. government.

## COUNT I

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if fully set forth here.

15. Beginning no later than July of 2020, Stocktrek Images, Inc., without Giovannelli's consent, offered for sale, posters which bore an image of Giovannelli in combat.

16. Stocktrek Images, Inc. profited financially from the sale of Giovannelli's image.

17. Stocktrek Images, Inc. uploaded images to the Pixels.com LLC platform, including images of Giovannelli in combat, in order to sell those images to the general public for financial gain.

18. Stocktrek Images, Inc. claims to have licensed images to Pixels.com LLC, including images of Giovannelli in combat, although Stocktrek Images, Inc. did not possess a license, or any other legal permission, to sell Giovannelli's image or grant permission to other entities to do so.

19. At all relevant times, StockTrek Images, Inc. knew that it lacked consent from Giovannelli to commercially exploit his image. Stocktrek Images, Inc.'s actions were willful and malicious, and punitive damages are appropriate.

20. As a result of Stocktrek Images, Inc.'s actions, Giovannelli has suffered extreme emotional distress. As a result of Stocktrek Images, Inc.'s actions, Giovannelli's PTSD has been exacerbated.

WHEREFORE, plaintiff prays for the following relief from Stocktrek Images, Inc.:

A. Damages in an amount in excess of One Million Dollars for emotional distress and exacerbation of plaintiff's PTSD;

B. That all profits procured through the sale of plaintiff's image be disgorged and awarded to the plaintiff;

C. An award of punitive damages as permitted by 765 ILCS 1075/40;

D. An award of plaintiff's reasonable attorney's fees, costs, and expenses as permitted by 765 ILCS 1075/55.

E. For such other relief as this court deems just.

## COUNT II

21. Plaintiff incorporates by reference paragraphs 1 through 20 as if fully set forth here.

22. The Stocktrek Corporation, beginning no later than July of 2020, without Giovannelli's consent, sold posters which bore an image of Giovannelli in combat.

23. The Stocktrek Corporation and, upon information and belief, The Stocktrek, Corporation, both profited financially from the sale of Giovannelli's image.

24. Upon information and belief The Stocktrek, Corporation, uploaded images to the Pixels.com LLC, including images of Giovannelli in combat, in order to sell those images to the general public for financial gain.

25. Upon information and belief, The Stocktrek Corporation, licensed images to Pixels.com LLC, including images of Giovannelli in combat, although The Stocktrek Corporation, did not possess a license, or any other legal permission, to sell Giovannelli's image or grant permission to other entities to do so.

26. At all relevant times, The StockTrek Corporation, knew that it lacked consent from Giovannelli to commercially exploit his image. The Stocktrek Corporation's actions were willful and malicious, and punitive damages are appropriate.

27. As a result of The Stocktrek Corporation's actions, Giovannelli has suffered extreme emotional distress. As a result of The Stocktrek Corporation's actions, Giovannelli's PTSD has been exacerbated.

WHEREFORE, plaintiff prays for the following relief from The Stocktrek Corporation:

A. Damages in an amount in excess of One Million Dollars for emotional distress and exacerbation of plaintiff's PTSD;

B. That all profits procured through the sale of plaintiff's image be disgorged and awarded to the plaintiff;

C. An award of punitive damages as permitted by 765 ILCS 1075/40;

D. An award of plaintiff's reasonable attorney's fees, costs, and expenses as permitted by 765 ILCS 1075/55.

E. For such other relief as this court deems just.

Plaintiff demands trial by jury on all counts.

                                                  s/ Craig D. Tobin
                                                  Craig D. Tobin
                                                  One of Plaintiff's attorneys

Craig D. Tobin
Attorney for Plaintiff
Tobin & Munoz, L.L.C.
70 W Madison Street, Suite 1950
Chicago, IL 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email: ctobin@barristers.com
Attorney No.: 47276

Thomas C. Crooks
Attorney for Plaintiff
Tobin & Munoz, L.L.C.
70 West Madison Street, Suite 1950
Chicago, IL 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email: tcrooks@barristers.com