# EXHIBIT 5

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NICHOLAS GIOVANNELLI, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., and WAL-MART.COM USA, LLC, <br><br> Defendants. | No.: 21-cv-01092 <br><br> Judge Chang <br><br> Magistrate Judge Kim <br><br> JURY DEMANDED |

FIRST AMENDED COMPLAINT AT LAW

Now comes the plaintiff, Nicholas Giovannelli, by and through his attorneys, Craig D. Tobin of Tobin & Munoz LLC, and Thomas C. Crooks, as and for his complaint against defendants Walmart, Inc. and Wal-Mart.Com USA, LLC, states as follows:

1. This action is brought under the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq*. (1999).

PARTIES

2. At all relevant times hereto, the plaintiff, Nicholas Giovannelli, was and is a citizen of Cook County, Illinois. Giovannelli is a decorated combat veteran, having served in the Airborne Infantry of the U.S Army, beginning in 2007, including multiple tours of duty in Afghanistan. He was honorably discharged for medical reasons in 2015.

3. WalMart, Inc., at all relevant times hereto, is a Delaware corporation present and doing business in Cook County, Illinois. WalMart, Inc. is in the business of selling general merchandise through their stores, including photographic images.

4. Wal-Mart.com USA, LLC, at all relevant times hereto, is a California limited liability company present and doing business in Cook County, Illinois. Wal-Mart.com USA,

1

LLC is in the business of selling general merchandise through the internet, including photographic images.

## FACTS COMMON TO ALL COUNTS

5. Posterazzi Corp., at all relevant times hereto, is a New York corporation, present and doing business in Cook County, Illinois. Posterazzi Corp. is in the business of selling photographic images, primarily through the internet.

6. During his service in the Airborne Infantry, Giovannelli participated in over 100 combat patrols. As a result of his service, Giovannelli was awarded the Purple Heart, Combat Infantry Badge, and Army Commendation with V Device, for acts of heroism while involved in conflict with an armed enemy.

7. As a result of his service, Giovannelli developed certain medical issues: herniated disks in his lower back and neck, post-concussion headaches as a result of traumatic brain injury, and PTSD. As a result of these conditions, Giovannelli was given a medical retirement in 2015. Giovannelli continues to be treated for these conditions.

8. While Giovannelli was serving in the military, he was photographed by Army photographers while in combat. Giovannelli consented to the Army photographing him.

9. On or about July 11, 2020, Giovannelli discovered that photographs taken of him while in the military were being publicly sold, for commercial purposes, through for-profit entities.

10. Giovannelli has never given consent to Walmart, Inc. or Wal-Mart.Com USA, LLC, or any other entity, to use his image for any purpose, including financial gain. The U.S. Army has never consented to defendants' use or sale of photographs of soldiers in combat, including photographs of Giovannelli.

11. In fact, defendants have been and continue to sell photographs of U.S. soldiers in combat without consent of the soldiers or the U.S. government.

## COUNT I—Walmart, Inc.

12. Plaintiff incorporates by reference paragraphs 1 through 11 as if fully set forth here.

13. Beginning no later than July of 2020 WalMart, Inc., at its stores throughout the country and online, without Giovannelli's consent, sold posters which bore an image of Giovannelli in combat.

14. WalMart, Inc. profited financially or attempted to profit financially, from the sale of Giovannelli's image.

15. WalMart, Inc purchased the images of Giovannelli in combat from Posterazzi Corp. in order to sell the images to the public. Posterazzi Corp. is being sued by Giovannelli for the sale of his image, to wit, *Giovannelli v. Posterazzi, Corp.,* 1:22-cv-02163.

16. At all relevant times, WalMart, Inc. knew that it lacked consent from Giovannelli to commercially exploit his image. WalMart, Inc.'s actions were willful and malicious, and punitive damages are appropriate.

17. As a result of WalMart, Inc.'s actions, Giovannelli has suffered extreme emotional distress. As a result of WalMart, Inc.'s actions, Giovannelli's PTSD has been exacerbated.

WHEREFORE, plaintiff prays for the following relief from Wal-Mart, Inc.:

A. Damages in an amount in excess of One Million Dollars for emotional distress and exacerbation of plaintiff's PTSD;

B.  That all profits procured through the sale of plaintiff's image be disgorged and awarded to plaintiff;

C.  An award of punitive damages as permitted by 765 ILCS 1075/40;

D.  An award of plaintiff's reasonable attorney's fees, costs and expenses as permitted by 765 ILCS 1075/55.

E.  For such other relief as this court deems just.

## COUNT II—Wal-Mart.Com USA, LLC

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth here.

19. Beginning no later than July of 2020 Wal-Mart.com USA, LLC, at its stores throughout the country and online, without Giovannelli's consent, sold posters which bore an image of Giovannelli in combat.

20. Wal-Mart.com USA, LLC profited financially or attempted to profit financially, from the sale of Giovannelli's image.

21. Wal-Mart.com USA, LLC purchased the images of Giovannelli in combat from Posterazzi Corp. in order to sell the images to the public. Posterazzi Corp. is being sued by Giovannelli for the sale of his image, to wit, *Giovannelli v. Posterazzi, Corp.,* 1:22-cv-02163.

22. At all relevant times, Wal-Mart.com USA, LLC knew that it lacked consent from Giovannelli to commercially exploit his image. Wal-Mart.com USA, LLC's actions were willful and malicious, and punitive damages are appropriate.

23. As a result of Wal-Mart.com USA, LLC's actions, Giovannelli has suffered extreme emotional distress. As a result of Wal-Mart.com USA, LLC's actions, Giovannelli's PTSD has been exacerbated.

WHEREFORE, plaintiff prays for the following relief from Wal-Mart.com USA, LLC:

A. Damages in an amount in excess of One Million Dollars for emotional distress and exacerbation of plaintiff's PTSD;

B. That all profits procured through the sale of plaintiff's image be disgorged and awarded to plaintiff;

C. An award of punitive damages as permitted by 765 ILCS 1075/40;

D. An award of plaintiff's reasonable attorney's fees, costs and expenses as permitted by 765 ILCS 1075/55.

E. For such other relief as this court deems just.

Plaintiff demands trial by jury on all counts.

s/ Craig D. Tobin
Craig D. Tobin
One of Plaintiff's attorneys

Craig D. Tobin
Attorneys for Plaintiff
Tobin & Munoz, L.L.C.
70 W Madison Street, Suite 1950
Chicago, IL 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email:  ctobin@barristers.com
Attorney No.: 47276

Thomas C. Crooks
Attorneys for Plaintiff
Tobin & Munoz, L.L.C.
70 West Madison Street, Suite 1950
Chicago, IL 60602-4298
Office:  (312) 641-1321
Fax:  (312) 641-5220
Email:  tcrooks@barristers.com