# EXHIBIT 7

# Helferich Patent Licensing, L.L.C. v. New York Times Co.

Decided Apr 19, 2012

Case No. 1:10-cv-04387

04-19-2012

HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company, Plaintiff, v. THE NEW YORK TIMES COMPANY, a New York Corporation, Defendant.

JOHN W. Darrah

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff Helferich Patent Licensing, L.L.C. ("Helferich") initiated this patent infringement action against the New York Times Company ("NYT") on July 14, 2010. (Dkt No. 1.) On December 23, 2011, Helferich filed a separate action in this district against Defendant J.C. Penney Corporation, Inc. ("J.C. Penney"), alleging infringement of the same patents at issue in the NYT litigation, in addition to three other patents not at issue in the NYT litigation. Pursuant to Local Rule 40.1, Helferich's suit against J.C. Penney was assigned to Judge Rebecca R. Pallmeyer. Helferich now moves to reassign the J.C. Penney case, No. 1:11-cv-9143, to Judge Darrah, pursuant to Local Rule 40.4. J.C. Penney, who is not a party to the NYT case, opposes the Motion. For the reasons set forth below, the Motion is granted.

## BACKGROUND

Helferich owns U.S. Patent Nos. 7,835,757 ("'757 patent"), 7,499,716 ("'716 patent"), 7,280,838 ("'838 patent"), 8,107,601 ("'601 patent"), and 8,116,741 ("'741 patent"). Plaintiff also asserts that it will be issued a sixth patent in the coming weeks, *2 U.S. Patent No. 8,134,450 ("'450 patent"). (Pl.'s Reply to Mot. to Transfer, ¶ 9.) All six of these patents relate to the production, storage, and delivery of electronic messages to mobile phones. (Pl.'s Mot. to Transfer at 1.) On July 14, 2010, Plaintiff filed the instant action against NYT, alleging infringement of the '757, '838, and '601 patents. This case was stayed on April 5,2011, pending the United States Patent and Trademark Office's ("USPTO") reexamination proceedings of the three patents at issue.[1] While the USPTO conducted its reexamination, Helferich filed several other suits in this District, alleging infringement of the same patents. Five of these cases have been transferred to Judge Darrah (Dkt. No. 101.) The USPTO's reexamination proceedings have not been completed. The suit filed against J.C. Penney before Judge Pallmeyer alleged patent infringement of the '757, '716, and '838 patents. On February 8, 2012, Helferich amended its Complaint against J.C. Penney to include infringement claims against the '601, '741, and '450 patents. Thereafter, Helferich filed this Motion to Transfer the J.C. Penny case to Judge Darrah.

[1] The matter of this stay of proceedings is also being contested and briefed by all relevant parties.

## LEGAL STANDARD



In the Northern District of Illinois, cases are assigned to judges at random. L.R. 40.1. Therefore, a case may be reassigned to a judge before whom an earlier-filed, related case is pending, in order to preserve judicial resources. L.R. 40.4. The party moving for reassignment bears the burden of showing the cases are related and that reassignment would promote efficient use of judicial resources.

Specifically, for a case to be eligible for reassignment, Local Rule 40.4 requires that the moving party prove the case at issue is related to an earlier filed case. L.R. *3 40.4(a). Two cases are related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; or (3) the cases grow out of the same transaction or occurrence. L.R. 40.4(a).

## ANALYSIS

### *Relatedness*

To be deemed related, two cases must satisfy at least one of the four listed criteria set out in Local Rule 40.4(a). *Global Patent Holdings, L.L.C. v. Green Bay Packers, Inc.,* No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. April 23, 2008) (*Global Patent*). Plaintiff seeks to establish the relatedness of the NYT case and the J.C. Penney case by stating that the two cases involve the same patents, similar activity in the infringement of the patents, and the same issues of claim construction and invalidity. (Pl.'s Mot. to Transfer at 1.) Merely because two cases involve the same patents does not necessarily mean the cases are related for purposes of reassignment. *Global Patent,* 2008 WL 1848142, at *3. However, Helferich does not simply allege the same patents have been infringed; rather, Helferich submits that "[t]he complaints in each case identify virtually identical acts of infringement, ensuring that the key claim elements to be addressed at a claim construction hearing are likely to be identical." (Pl.'s Reply to Mot. to Transfer, ¶ 10.) Local Rule 40.4(a) does not require exact congruence in facts and issues between two cases in order for them to be related; rather, it simply requires that the two cases share *"some of the same* issues of facts or law." L.R. 40.4(a)(2) (emphasis added). Despite the broad language of L.R. 40.4(a)(2), the rule does not contemplate reassignment of cases for a *de minimis* overlap of issues. *Sphere Drake Ins. Ltd. v.* *4 *All Am. Life Ins Co.,* No. 99 C 4573, 2001 WL 1035723, at *4 n.6 (N.D. Ill. Sept. 4, 2001) *(Sphere Drake).*[2] The commonality between the NYT case and the J.C. Penney case is more than a minimal overlap; it involves nearly identical alleged infringing conduct and, thus, similar issues of claim construction.

> [2] The predecessor to Local Rule 40.4(a)(2) was Local General Rule 2.31(A)(2), which allowed for reassignment if the cases involved the same issues of fact or law. The previous rule was interpreted to require a predominance of common issues. Rule 40.4(a)(2) was amended to require only some of the same issues of fact or law. The new rule does not require a predominance of common issues. *Sphere Drake,* 2001 WL 1035723, at *4 n.6.

J.C. Penney seeks to distinguish its case from the NYT case in part by emphasizing the differences between the business activities of the two defendant companies. (Def.'s Resp. to Mot. to Transfer, at 9.) However, such distinction has been rejected by this Court as an automatic basis for finding two cases to be unrelated. *Global Patent,* 2008 WL 1848142, at *3 (holding a patent infringement case involving the Green Bay Packers, a professional football team, and a patent infringement case involving CDW, a technology provider, were related). Since Helferich's patent infringement case against NYT and its case against J.C. Penney involve the same patents, nearly identical alleged infringing conduct, and similar claims construction, the two cases are related for purposes of Local Rule 40.4(a).

### *Conditions of Reassignment*

Merely being related to an earlier-filed case, however, is not sufficient to qualify a later-filed case for reassignment. To be reassigned, the party moving for reassignment has the burden of proving: (1) both cases are pending in the same Court; (2) the administration of both cases by the same judge is likely to result in substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where *5 designating a later-filed case would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b). The first condition is clearly met and not in dispute.

The second condition requires that the reassignment will result in a substantial saving of judicial time and effort. L.R. 40.4(b)(2). Helferich argues that since some of the same patents are at issue, the same activities are alleged to have infringed those patents, and the same issues of claims construction will arise in each case, substantial judicial time will be saved if the cases are heard by the same judge. (Pl.'s Mot. to Transfer, at 1.) This argument is persuasive. Patent cases often involve a significant investment of judicial time and resources due to the complicated nature of the underlying subject matter. *21 srl* v. *Enable Holdings, Inc.,* No. 09 C 3667 2009 WL 4884177, at *2 (N.D. I11. Dec. 9, 2009). It would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the technical and factual issues involved in both cases when it could simply be handled by one judge. *Id.* Additionally, reassigning the cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the common claims arising in each case.[3] *Id.* Due to the significant judicial time expended in becoming familiar with the technical aspects of patent cases, substantial time will be saved by reassigning this case to the earlier-assigned judge. *6

3 Curiously, J.C. Penney cites the *Global Patent* case to support its contention that this Court has rejected similar claims that judicial resources will be conserved. (Def.'s Resp. to Mot. to Transfer at 6.) However, the *Global Patent* court actually granted the motion to reassign - a fact that J.C. Penney failed to mention in its Response. *Compare Global Patent,* 2008 WL 1848142, at *4 *with* Def.'s Resp. to Mot. to Transfer at 6.

--------

The third condition requires that the reassignment not cause a substantial delay in the earlier-filed case. L.R. 40.4(b)(3). Although Helferich's case against NYT - the earlier-filed case - was filed in July 2010, it is still in the early stages of litigation due to a stay issued in April 2011. The stay was issued in order to allow the parties to enter into reexamination proceedings with the USPTO regarding the patents at issue. Since the NYT case has not progressed to the point where reassignment of the J.C. Penney case would substantially delay the proceedings in the NYT case, this third condition is met.

Finally, the fourth condition for reassignment requires that the cases be susceptible to disposition in a single proceeding. L.R. 40.4(b)(4). This condition is satisfied when the issues of law and fact are the same in both cases. *Pactiv Corp. v. Multisorb Technologies, Inc.,* No. 10 C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15,2011). This rule does not require that the cases be exactly identical. *Id.* Rather, for this condition to be met, both actions must "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings ...." *Id.* (citing *Global Patent,* 2008 WL 1848142, at *4). Given that the same patents were allegedly infringed by NYT and J.C. Penney by similar, if not identical, conduct, this condition is satisfied. The fact that Plaintiff has alleged infringement of three patents by J.C. Penney that are not at issue in the NYT case does not put it outside the ambit of this condition. J.C. Penney argues that this

7
condition is not met but, in doing so, conflates the reassignment of a case with the consolidation of a case. In fact, Helferich has expressly disclaimed that it is seeking to consolidate the cases. (Pl.'s Reply to Mot. to Transfer, ¶ 5.) Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not *7 even require the cases to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time. L.R. 40.4(b)(4) (emphasis added). Since the two cases allegedly share similar facts and three of the same patents, similar issues of claims construction will arise in each case and, thus, can be disposed of in a single proceeding. The fourth condition of reassignment is therefore met.

## CONCLUSION

For all of the foregoing reasons, the NYT case and the J.C. Penney case are deemed related, and all conditions of reassignment required by Local Rule 40.4(b) are met. Helferich's Motion to Reassign is granted. Case No. 1:11-cv-9143, *Helferich Patent Licensing, LLC v. J.C. Penney Corporation, Inc.,* is reassigned to Judge Darrah for all purposes. This reassignment does not necessarily include a consolidation of the cases.

_____

JOHN W. DARRAH

United States District Court Judge

