IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS GIOVANNELLI,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., AMAZON.COM SERVICES, LLC, and POSTERAZZI CORP.,<br><br>  Defendants. | Case No. 22 C 2161<br><br>Hon. LaShonda A. Hunt |

## ORDER

Plaintiff Nicholas Giovannelli sued Defendants Amazon.com, Inc., Amazon.com Services, LLC,[1] and Posterazzi Corp. for using Giovannelli's photograph for commercial purposes without his consent in violation of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1-1075/60. Currently pending before the Court is Amazon's motion for summary judgment [63], which Posterazzi has joined with respect to certain legal arguments [85]. For the reasons discussed in the accompanying statement, summary judgment is granted in favor of Defendants.

## STATEMENT

On March 17, 2009, a United States Army staff sergeant took a photograph (the "Photograph") of Plaintiff while on patrol outside of an Army base in Afghanistan. (RSOF ¶ 1, Dkt. 71). The Department of Defense subsequently posted the Photograph on its website, with the title "Spc. Nick Giovannelli crosses a river." (*Id.* ¶ 2). A company called StockTrek that browses the internet for publicly available photographs, downloads them, and uploads them for commercial and/or editorial use then downloaded the Photograph. (*Id.* ¶¶ 4-5; RSOAF ¶ 3, Dkt. 74). Subsequently, Posterazzi, a company that sells art prints and photographs on the internet, obtained the Photograph from StockTrek. (RSOF ¶¶ 7, 9; RSOAF ¶¶ 4, 6, 7). The Photograph first appeared in Posterazzi's system in July 2016. (RSOF ¶ 9; RSOAF ¶ 10). Posterazzi also listed a poster featuring the Photograph for sale on Amazon's website, with the first listing appearing on August 23, 2018. (RSOF ¶ 12; RSOAF ¶¶ 9, 11).

On July 11, 2020, Plaintiff's friend notified him that the Photograph was available for sale on Walmart's website. (RSOF ¶ 13). Plaintiff then learned that the Photograph was being sold on various products online by other companies, including StockTrek, Posterazzi, Amazon, and Pixels. (RSOF ¶ 13; RSOAF ¶ 26).

---

[1] The Court will refer to Amazon.com, Inc. and Amazon.com Services, LLC collectively as "Amazon" throughout this Order.

On January 6, 2021, Plaintiff filed a lawsuit for unauthorized commercial use of the Photograph against StockTrek, Posterazzi, Amazon, Walmart, and Pixels in the Circuit Court of Cook County, Illinois. (RSOF ¶ 14; Compl., Dkt. 1-1 at 6-20). Upon receiving notice of the lawsuit, StockTrek, Posterazzi, Amazon all immediately removed the Photograph from their websites. (RSOF ¶¶ 15-18). Plaintiff was diagnosed with and treated for post-traumatic stress disorder following his military service, and symptoms reemerged after he learned that the Photograph was being offered for sale online. (RSOF ¶ 24; RSOAF ¶¶ 27-33).

The lawsuit was removed to this court and subsequently split into five cases against the respective defendants. (Order, Dkt. 2). The District Judge previously assigned to this case then consolidated the cases against Amazon and Posterazzi.[2] (Minute Order, Dkt. 33). After the parties completed discovery, Amazon moved for summary judgment, (Mot. Summ. J., Dkt. 63), and Posterazzi, by agreement with Plaintiff, later joined in certain parts of the motion, (Minute Order, Dkt. 85). Defendants argue that Plaintiff's claims are barred by the statute of limitations, and, in any event, that the damages sought by plaintiff are either unavailable or not supported by the evidence.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there is a genuine dispute of material fact, the Court must resolve all disputes and draw all reasonable inferences in favor of the non-movant. *Dietchweiler v. Lucas*, 827 F.3d 622, 627 (7th Cir. 2016). The party seeking summary judgment has the burden of establishing the lack of any genuine dispute of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 248 (1986). Summary judgment is warranted against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

IRPA prohibits the use of an individual's identity for commercial purposes during their lifetime without prior written consent. 765 ILCS 1075/30. An individual's identity includes a photograph of the individual. 765 ILCS 1075/5. A person who violates IRPA may be liable for the greater of either $1,000 or actual damages, profits derived from the unauthorized use, or both, and punitive damages for willful violations. 765 ILCS 1075/40. Because IRPA does not include a statute of limitations and the Illinois Supreme Court has not addressed the issue, the Court "must attempt to predict how we believe that court would decide." *Abstract & Title Guar. Co. v. Chicago Ins. Co.*, 489 F.3d 808, 811 (7th Cir. 2007); *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). In making that determination, courts look to Illinois appellate court decisions on the issue. *See Abstract & Title Guar.*, 489 F.3d at 811 ("We look to decisions of intermediate appellate courts in the state for persuasive guidance in that endeavor."); *State Farm*, 275 F.3d at 669 ("[R]ulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently.");

---

[2] This case was reassigned to Judge LaShonda A. Hunt on June 2, 2023. (Reassignment Order, Dkt. 39).

*Ludwig v. United States*, 21 F.4th 929, 931-32 (7th Cir. 2021) ("[W]here, as here, the highest court has not spoken on an issue, we look to state appellate courts absent any persuasive indication that the state supreme court would decide differently.").

Reasoning that IRPA completely supplanted the common law tort of appropriation of likeness, which had a one-year statute of limitations, at least one Illinois court of appeals has held that a one-year statute of limitations applies to IRPA claims. *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 322-323 (2d Dist. 2006). Under the "single-publication rule," an IRPA claim generally accrues when the objectionable material was first published regardless of when the plaintiff became aware of the publication. *Id.* at 324-326. Thus, the "discovery rule" does not apply to an IRPA claim "unless the publication was hidden, inherently undiscoverable, or inherently unknowable." *Id.* at 326. Mass-media publications readily accessible to the general public are not subject to the discovery rule. *See Ciolino v. Simon*, 2020 IL App (1st) 190181, ¶ 52 (discussing single-publication and discovery rules in connection with defamation claim), *aff'd*, 2021 IL 126024, ¶ 52; *see also Carroll v. Gibbar*, 2019 IL App (4th) 180418-U, ¶ 15 (noting that "[t]here is nothing inherently undiscoverable about a posting on a public[ly] accessible website . . . ."). In addition, the "continuing violation rule" generally does not toll the accrual of an IRPA claim because a single overt act that results in continual ill effects does not qualify as a continuing violation. *Blair*, 369 Ill. App. 3d at 324.

The Seventh Circuit has repeatedly declined to address the statute of limitations under IRPA. *See Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485-86 (7th Cir. 2016) ("declin[ing] to predict if the state supreme court would endorse *Blair*" because the complaint failed to state a claim under IRPA); *see also Berry v. Ford Models, Inc.*, 525 F. App'x 451, 454 (7th Cir. 2013) (declining to address IRPA statute of limitations issue because the plaintiff's claim was frivolous). Since *Blair*, however, courts in this district have consistently held that a one-year statute of limitations applies to IRPA claims. *See Giovannelli v. Walmart, Inc.*, No. 21 C 1092, 2024 WL 4301145, at *2-3 (N.D. Ill. Sept. 26, 2024) (J. Chang) (applying the one-year statute of limitations to IRPA claim and finding that neither discovery rule nor continuing violation rule saved the claim); *HASelect Med. Receivables Litig. Fin. Fund Int'l, SP v. Clark*, No. 22 C 4269, 2024 WL 1328839, at *4 (N.D. Ill. Mar. 28, 2024) (J. Blakey) (dismissing IRPA claim based on one-year statute of limitations); *Bonilla v. Ancestry.com Operations*, 628 F. Supp. 3d 812 (N.D. Ill. 2022) (J. Kendall.) (applying the one-year statute of limitations and single-publication rule from *Blair* and finding that the continuing-violation exception and discovery rule were also inapplicable); *Lopez v. Admiral Theatre, Inc.*, No. 19 C 673, 2019 WL 4735438, at *2-4 (N.D. Ill. Sept. 26, 2019) (J. Kennelly) (dismissing all but one of plaintiffs' IRPA claims, where surviving claim sufficiently alleged continuing violation within one year before suit); *Hinton v. Vonch, LLC*, No. 18 C 7221, 2019 WL 3554273, at *2-3 (N.D. Ill. Aug. 2, 2019) (J. Shah) (applying one-year statute of limitations from *Blair* to dismiss IRPA claim as untimely and finding that neither discovery rule nor continuing violation rule tolled accrual); *Toth-Gray v. Lamp Liter, Inc.*, No. 19 C 1327, 2019 WL 3555179, at *4-5 (N.D. Ill. July 31, 2019) (J. Kendall) (applying one-year statute of limitations and single-publications rule to IRPA claims and finding that continuing violation had not been established); *Yeager v. Innovus Pharms., Inc.*, No. 18 C 397, 2019 WL 447743, at *6 (N.D. Ill. Feb. 5, 2019) (J. Durkin) (acknowledging one-year statute of limitations but finding the plaintiff had sufficiently alleged a continuing violation based on defendant's use of several different channels and geographic locations to continuously advertise to new audiences); *Troya*

*Int'l, Ltd. v. Bird-X, Inc.*, No. 15 C 9785, 2017 WL 6059804, at *13-15 (N.D. Ill. Dec. 7, 2017) (J. Leinenweber) (applying one-year statute of limitations to IRPA claim); *Berry v. Ford Modeling Agency*, No. 09 C 8076, 2012 WL 5470289, at *4 (N.D. Ill. Nov. 9, 2012) (J. Dow) (granting defendant summary judgment on plaintiff's IRPA claim for several reasons, including that it was barred by the one-year statute of limitations), *aff'd sub nom.*, 525 F. App'x 451 (7th Cir. 2013) (declining to address IRPA statute of limitations because claim was frivolous); *Maremont v. Susan Fredman Design Grp., Ltd.*, 772 F. Supp. 2d 967, 971 (N.D. Ill. 2011) (J. St. Eve) (applying one-year statute of limitations to IRPA claim but allowing claim to survive dismissal because, when taken as true and viewed in light most favorable to plaintiff, the allegations supported continuing violation theory); *Wells v. Talk Radio Network-FM, Inc.*, No. 07 C 4314, 2008 WL 4888992, at *3 (N.D. Ill. Aug. 7, 2008) (Mag. J. Keys) (applying one-year statute of limitations but finding that allegations of continuing violations directed at new audiences were sufficient to survive dismissal); *but see Toney v. L'Oreal USA, Inc.,* No. 02 C 3002, 2002 WL 31455975, at *3 (N.D. Ill. Nov. 1, 2002) (J. Guzman) (deciding, without the benefit of *Blair*, that a five-year statute of limitations applied to IRPA claims), *vacated on another ground,* 406 F.3d 905 (7th Cir. 2005).

The most recent case to address the IRPA statute of limitations, *Giovannelli v. Walmart*, is one of the cases that was separated from this one at an earlier stage and thus involves the same plaintiff and many of the same underlying facts that gave rise to this case, albeit with respect to different defendants. 2024 WL 4301145, at *1. In the *Walmart* case, Judge Chang thoroughly considered the same arguments the parties make here with respect to the statute of limitations and single-publication, discovery, and continuing violation rules and concluded that Giovannelli's IRPA claim against Walmart was time-barred. *Id.* at *2-3. The Court agrees with Judge Chang's analysis as it applies to the facts of this case.

It is undisputed that the Photograph was first published by Posterazzi in July 2016 and Amazon on August 23, 2018, and that Plaintiff did not file suit until January 6, 2021. The Photograph was published on websites readily accessible to the general public, and there is no evidence that either Posterazzi or Amazon took any action to publish the Photograph to a new audience after the initial publication. Accordingly, Plaintiff's IRPA claims are time-barred, as Plaintiff did not commence this action within one year of publication, and no evidence supports application of the discovery or continuing violation rules. Because this issue is dispositive of all of Plaintiff's claims, the Court need not address damages.

For all the foregoing reasons, Amazon's motion for summary judgment, which Posterazzi has joined, is granted. Judgment is entered in favor of Defendants Amazon.com, Inc., Amazon.com Services, LLC, and Posterazzi Corp. and against Plaintiff Nicholas Giovannelli.

**DATED**: October 30, 2024  **ENTERED**:

LaShonda A. Hunt
United States District Judge